No. 756.—ELIE MCDANIEL v. ONEZIME GUILLORY et als.

In this case the tutor was indebted to his wards, and his property was incumbered with a mortgage to that extent. To cause his other property to be relieved of this incumbrance, the tutor executed a special mortgage in their favor on a particular piece of property. This property thus specially mortgaged was subsequently sold by the tutor, and the vendee specially assumed the mortgage in favor of the minors. It was again sold by the vendee of the tutor, with a like assumption by the purchaser of the mortgage in favor of the minors. The heirs having become of age brought suit for the amount, and claimed a recognition of their tacit mortgage on the property of their tutor, now in the hands of a third possessor. The defense was prescription and the loss of the mortgage, on the ground of want of inscription.

Held—That each one of the successive purchasers having specially assumed the mortgage standing on the property in favor of the minors, registry of the mortgage was not necessary as to them; that the substitution of the special mortgage by the tutor for the general mortgage only served to limit the operation of the general mortgage to the particular property described in the special mortgage, and to release all other property of the tutor from the effect of the general mortgage; that the giving of the special mortgage on a particular piece of property did not, therefore, destroy or impair the legal mortgage on that particular piece of property thus specially hypothecated, and that under the allegation by the heir that he had a legal mortgage on this particular piece of property, he was entitled to have it recognized and enforced in the hands of the third possessor.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. Baily, J. Martel & Hudspeth, for plaintiff and appellant. Moore & Morgan, for defendants and appellees.

TALIAFERRO, J. The plaintiff brings this action against the defendants, Guillory and several others, to recover the sum of $1500, with interest at five per cent. per annum from the thirteenth of April, 1860, which indebtedness he alleges arose in this manner: That on the fifteenth of April, 1856, Theophilus Fontenot became tutor to petitioner and his brother, Joshua McDaniel, and in that capacity received on their account from their mother's estate and from the estates of two deceased relatives, $3360; that by law a tacit mortgage existed against the property of their tutor to secure his indebtedness to them; that in April, 1859, their tutor sold certain real estate to Emile Tate, which the parties to the act admitted was mortgaged to the petitioner and his brother for $3360 owing to them by their tutor; that Tate bound him-

McDaniel v. Guillory et als.

self to pay respectively to each of the two minors one-half of this debt upon the attainment by them of the age of majority, or on their becoming emancipated by law. In November, 1859, Tate sold the property to Garrand and Onezime Guillory, joint purchasers. The act of sale recites that the property was purchased from Fontenot in the month of April preceding, in consideration of the sum of $3000, stipulated to be paid to the minors McDaniel when they should attain the age of majority or become emancipated. This stipulation Garrand and Guillory specially assume. On the fifteenth December, 1860, Garrand sold his undivided half of the property to Guillory, the party now in possession. In the act of sale, Guillory assumed to pay the whole $3000 to the McDaniels on the happening of the events previously stipulated, viz, their emancipation or attainment of the age of majority. The plaintiff prays judgment against the several defendants jointly and severally for $1500, with interest, and prays that his mortgage against his former tutor be recognized, to take effect from the fifteenth of April, 1856, and enforced against the mortgaged property described in his petition.

It appears that Fontenot, the former tutor of the minors McDaniel, executed a special mortgage on the property in question in their favor, to operate a release of the remainder of his property from the operation of the legal mortgage resulting from the tutorship.

The defendants filed separate answers, denying the allegations of the plaintiff, and pleading prescription against the mortgage claims of the plaintiff. The acting judge, presiding in place of the judge of the district, recused, overruled the plea of prescription set up against the plaintiff's mortgage claims, on the ground that reinscription of the mortgage was not necessary as against the defendants, who by formal acts had specially assumed to pay the plaintiff's mortgage, but he declined rendering judgment on the special mortgage shown on the trial, for the reason that, in the opinion of the court, the plaintiff had declared on a tacit mortgage, and that judgment should conform to the pleadings. A personal judgment, *in solido*, was rendered against the defendants for the amount claimed. The plaintiff has appealed, and prays that the judgment of the lower court be amended so as to recognize the plaintiff's mortgage on the property described in the petition, and that it be enforced accordingly.

Three bills of exception appear in the record, and which relate to the admission of evidence. The disposition which we make of this case renders it unnecessary to pass upon them specially.

We concur with the judge *ad hoc* in the opinion that as the defendants who successively became owners of the property mortgaged, took it *cum onere*, and under the special obligation on their part to discharge the mortgage, they are placed by their undertaking in the same posi-

69

tion that the tutor and original mortgageor stood as regards the plaintiff' and can take no advantage of the want of reinscription of the acts of mortgage. But we think the plaintiff has not lost his legal mortgage on the property described in his petition. The effect of the substituted mortgage was to limit the operation of the legal and general mortgage to the particular property specified and described in the special mortgage, and to release all his other property from the minors' general mortgage. Under the pleadings, then, a judgment should have been rendered to enforce the plaintiff's mortgage. Revised Statutes, p. 481, section 2435; 15 L. R. 218.

It is therefore ordered, adjudged and decreed that the judgment of the district court be amended in this respect; and to this end it is ordered that the property described in plaintiff's petition be seized and sold to pay and satisfy the plaintiff's demand, viz, the sum of $1500, with five per cent. interest thereon from the thirteenth of April, 1856, until paid; and in all other respects that the judgment of the district court be affirmed, the defendants and appellees paying costs in both courts.